BRATTLEBORO EAST SOCIETY v. JAMES M. REED.

In a trial in the county court by the court, when the judgment is for the defendant without showing on what ground it was rendered, and evidence is stated tending to show a fact necessary to entitle the plaintiff to recover, but not stated whether the county court found the fact or not, such fact can not be treated as proved, and the judgment must be affirmed.

ACTION of ejectment for pew No. 45 (formerly No. 37,) in the meeting-house of said society in Brattleboro. Plea, the general issue. Trial by the court, April term, 1867, BARRETT, J., presiding. Judgment for the defendant.

It appeared that the defendant held the pew under a deed from F. P. Sawyer, dated March 4, 1850, in usual form to the *habendum*, which was, " To have and to hold the same to him the said James M. Reed, his heirs and assigns forever, *provided*, however, if the said James M. Reed, his heirs or assigns shall neglect or refuse for the space of six months after personal notice to pay such assessments as shall be made by the Brattleboro East Society, agreeably to their by-laws, for the sole purpose of repairs of said house and appurtenances, then this deed shall be void and said pew shall revest in said society." In other respects the deed was in usual form. Sawyer's title was by a deed from Charles C. Frost, dated June 16, 1846, who had a deed from said society, dated January 11, 1843. These two last named deeds each contained a like proviso.

On the 21st of January, 1865, three of the five trustees of the society, acting under a vote of the pewholders, made an assessment upon certain pews, twenty-one in number, among which was the one in question, and made, approved and signed the following notice or rate-bill, for the defendant, and like ones for the other owners of said pews :

Brattleboro, January 21, 1865.

*Sir :*—At a meeting of the pewholders of Brattleboro East Society, an assessment of $147.25, was voted upon your pews to pay for the repairs made upon the meeting-house of said society. This amount is payable in thirty days from date. Should you deem it best to transfer your property to the society and become a member of the association, you can do so, and the assessment will be assumed by the society. Your decision is respectfully requested on or before Thursday next.

The articles of association of the society provided (among other officers) a collector, but since 1862 the society had chosen no collector, (the collector then chosen being Nelson Crosby, who still resides in Brattleboro,) all collections since that time having been made by the trustees. At this time the trustees constituted their chairman, S. M. Waite, collector to collect the assessments upon the twenty-one pews, and directed him to notify the owners of these pews of the assessments. These notices were directed to said pew owners, and deposited in the post office, the notice to the defendant with the others. The defendant made no response to his notice till July 25, 1865, when he called on the chairman and said he had received notice of the assessment upon his pews ; that he had not attended to it as he ought to have done, but would pay it that day. The chairman told him he had no authority to receive it then, as the defendant had failed to comply with the rules and regulations of the society, and he did not receive it.

Since the repairs made just before the date of the assessment, the defendant has asserted his claim to the pew, and whenever the society has made their annual rentals, the defendant has been present and claimed his pew, and notified parties that he should claim rent of them for the other pew he did not occupy. He has occupied the pew in question, No. 45, but has paid nothing to the society.

Various questions were made in the county court as to the validity of the assessment and other proceedings of the society and the pewholders, and insisted on in argument in this court ; and in connection with these questions, the records of the society have been referred to, and many of the votes and proceedings are set out in the exceptions. And as bearing on these questions, other facts are stated, but all this is immaterial to any question decided by this court, and therefore omitted. Judgment for the defendant, to which the plaintiff excepted.

*Field & Tyler*, and *Hoyt H. Wheeler*, for the plaintiff.

*Clarke & Haskins*, for the defendant.

The opinion of the court was delivered by

PECK, J. All this court can know from the exceptions as to what the county court decided, is, that upon the evidence and facts therein set forth the court gave judgment for the defendant. Therefore, unless as matter of law upon the face of the exceptions the judgment should have been for the plaintiff, we must presume the judgment of the county court correct.

In order for the plaintiff to recover on the ground of forfeiture, (which is the only ground relied on,) the burden is on the plaintiff to prove every fact necessary to work a forfeiture. What is relied on as producing this result is, that the defendant has neglected for the space of six months after personal notice to pay an assessment on his pew. The notice required, from which the six months neglect is to date, must be actual, not constructive. It does not date from the time it was deposited in the post office, and at least not earlier than from the time the defendant received it. It does not appear that six months had elapsed after he had notice of the assessment before he called on Waite and offered to pay, when Waite refused to receive it. The case states that the notices or rate-bill were made January 21, 1865, and a copy of the one for the defendant is set forth ; it also states that Waite at that time was directed to notify the owners of the pews of the assessments. All we have to show when the notice to the

Brattleboro East Society *v.* Reed.

defendant was even, put into the post office, except what he said to Waite July 25, is this statement: "These notices were directed to said pew owners, and deposited in the post office; the notice to the defendant with the others." It is not stated when the notices were put into the post office.

But at the interview on the 25th of July already mentioned, the defendant said he had received notice of the assessment. This, however, does not necessarily show that he received it six months before; this 25th of July being but four days over six months from the date of the assessment. It is not enough that the county court might have been justified in finding the fact that the defendant neglected for six months after actual personal notice; but it must appear that that court, from what was shown, *was bound as matter of law* to find that fact, in order to warrant this court in treating the fact as in the case. We can not presume that the county court found that the defendant had notice of the assessment six months before he offered to pay it, July 25, 1865. Without that fact there is no pretense of a forfeiture by the defendant of his title to the pew. Treating the six months neglect mentioned in the deed, as dating from the time the defendant may have received notice of the assessment, instead of postponing its commencement till the end of the thirty days when payable; and assuming that a demand by the collector was not necessary; and assuming that the plaintiff has done all on its part necessary to enable the society to treat the neglect of the defendant as a forfeiture, except in respect to notice in point of time, (neither of which questions do we decide,) the view already expressed results in the affirmance of the judgment. A forfeiture is matter of strict right, and is not to be helped out by any forced presumption.

The other questions, as to the regularity and validity of the votes and proceedings of the society and the pewholders, the validity of the assessment, etc., we leave undecided.

The judgment of the county court is affirmed.